UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAPEL RIDGE INVESTMENTS, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETLAND LEASEHOLDING COMPANY, )<br>INC., *an Ohio corporation*; THE UNKNOWN )<br>OFFICERS, DIRECTORS, AND )<br>SHAREHOLDERS OF PETLAND LEASING )<br>COMPANY, INC.; and PETLAND, INC., *an* )<br>*Ohio corporation*; )<br>)<br>Defendants. ) | CAUSE NO. 1:13-CV-146 |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of Removal alleges that Plaintiff Chapel Ridge Investments, L.L.C. ("Chapel Ridge") "is an Indiana Limited Liability Company, and Defendants have confirmed that none of its members are Ohio residents," citing to an email exchange between counsel in which Plaintiff's counsel indicates that Chapel Ridge is a Delaware limited liability company whose sole member is Johann Lippert, a California resident.  (Notice of Removal ¶ 6(a)(i), Ex. C.)

Defendants' Notice of Removal, however, is inadequate as to Chapel Ridge's citizenship.  Because Chapel Ridge is a limited liability company, its citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Although Defendants correctly recognize this fact, learning from Plaintiff's counsel that Johann Lippert is the sole member of Chapel Ridge, they improperly allege that

1

"none of its members are Ohio *residents*" and rely on counsel's statement that Mr. Lippert is a California *resident*.

But the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, the Court must be advised of `Johann Lippert's *citizenship*, rather than his residency, which "[f]or natural persons . . . is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). And, rather than merely alleging that none of Chapel Ridge's members are Ohio citizens, Defendants should affirmatively allege *who* its members are and what their citizenship is.

The Court further notes that Plaintiff's counsel informed Defendants that Chapel Ridge is a *Delaware* limited liability company (Notice of Removal Ex. C), but Defendants allege in the Notice of Removal that it is an *Indiana* limited liability company (Notice of Removal ¶ 6(a)(i)). Although this discrepancy does not affect the jurisdictional analysis, Defendants should resolve

it for the sake of clarity in the record.

      Consequently, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before May 22, 2013, properly alleging the members of Plaintiff Chapel Ridge Investments, L.L.C. and their citizenship and resolving the discrepancy concerning the state in which it is organized.

      SO ORDERED.

      Enter for this 8th day of May, 2013.

                                          /S/ Roger B. Cosbey
                                          Roger B. Cosbey,
                                          United States Magistrate Judge