UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAPEL RIDGE INVESTMENTS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13-CV-146 |
| | ) |
| PETLAND LEASEHOLDING COMPANY, | ) |
| INC., an Ohio corporation; THE UNKNOWN | ) |
| OFFICERS, DIRECTORS, AND | ) |
| SHAREHOLDERS OF PETLAND LEASING | ) |
| COMPANY, INC.; and PETLAND, INC., an | ) |
| Ohio corporation; | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case involves the alleged breach of a lease entered into between Plaintiff Chapel Ridge Investments and Petland Leaseholding Company. Chapel Ridge also named the parent company of Petland Leaseholding – Petland, Inc. – as a defendant in an attempt to pierce the corporate veil. Petland, Inc. responded to the Complaint by filing a Rule 12(b)(6) motion to dismiss on the theory that the veil-piercing allegations in the complaint were inadequate to satisfy the pleading requirements of either Rule 8(a) or Rule 9(b). (Petland, Inc. believes the latter rule applies to actions involving veil piercing.)

The briefing on Petland, Inc's motion was completed earlier this week, but I think the parties may have looked past a potentially important issue. Both sides assume that Indiana law applies. The Seventh Circuit has stated, however, that "[e]fforts to 'pierce the corporate veil' are governed by the law of the state of incorporation." *Stromberg Metal Works v. Press Mechanical*, 77 F.3d 928 (7th Cir. 1996). The Complaint alleges that both Petland Leaseholding and Petland, Inc. are Ohio corporations. So, on my reading at least, the parties should be analyzing the veil

piercing issue under Ohio law, not Indiana law. This conclusion might be slightly complicated by the fact that there is a choice-of-law provision in the lease between Chapel Ridge and Petland Leaseholding that indicates Indiana law is to apply, but for various reasons I don't think that provision trumps the Seventh Circuit's statement. *See*, *e.g.*, *Secon Serv. Sys., Inc. v. St. Joseph Bank & Trust Co.*, 855 F.2d 406, 412-13 (7th Cir. 1988) (noting that "in the vast majority of situations, the law of the state of incorporation governs attempts to disregard the corporate entity" and holding that a choice of law provision governed only the interpretation of the underlying contract and not independent veil piercing issues) (internal citation omitted); *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132-33 (2d Cir. 1993) (stating that "choice of law provisions . . . are irrelevant" when it comes to veil piercing because "[t]he law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders: Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away") (internal quotation marks and citation omitted); *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 348 (M.D.N.C. 1995) (stating that "a choice of law provision in a contract is not binding on what law to apply for piercing the corporate veil... [because] the issue of piercing the corporate veil is collateral to and not part of the parties' negotiations or expectations with respect to the contract").

Consequently, each side is hereby **ORDERED** to submit additional briefing by July 26, 2013 addressing two issues: 1) whether Ohio law applies to this action instead of Indiana law and 2) if Ohio law does apply, whether and to what extent that changes the arguments already made in the briefing.

**SO ORDERED.**

Entered: July 12, 2013.

                                           s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT