UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

CHAPEL RIDGE INVESTMENTS, L.L.C., )
)
      Plaintiff, )
)
  v. )
)
PETLAND LEASEHOLDING COMPANY, )   Cause No. 1:13CV146
INC., an Ohio corporation, THE )
UNKNOWN OFFICERS, DIRECTORS )
AND SHAREHOLDERS OF PETLAND )
LEASEHOLDING COMPANY, INC., an )
Ohio corporation, and PETLAND, INC., an )
Ohio corporation, )
)
      Defendants. )
)

**PETLAND, INC.'S ADDITIONAL BRIEF (OHIO LAW) IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Petland, Inc. ("Petland"), by counsel, pursuant to this Court's Order dated July 12, 2013, and for its Additional Brief (Ohio Law) in Support of Motion to Dismiss for Failure to State a Claim (this "Memorandum"), states as follows:

**I.    INTRODUCTION**

In its Order dated July 12, 2013 (the "Choice of Law Order"), the Court requested additional briefing from the parties on the following two issues: (1) whether Ohio law applies to this action instead of Indiana law, and (2) if Ohio law does apply, whether and to what extent the parties' prior arguments are changed. As discussed below, Petland agrees with the Court's initial analysis that Ohio substantive law applies to the effort by Chapel Ridge Investments, LLC ("Chap Ridge") to pierce the corporate veil in this case. Under Ohio law the required proof to pierce the corporate veil is even greater than it is under Indiana law, and, accordingly, the

1

Complaint against Petland still should be dismissed. Moreover, the allegations of the Complaint remain insufficient conclusory allegations which do not address the required elements of a veil piercing claim under either state's law. The Complaint also fails to allege the fraud aspect of the claim with specificity. These are federal pleading standards, not dependent on state law.

## II. ARGUMENT

### A. Ohio's Law Applies To The Effort To Pierce The Corporate Veil

In diversity cases, federal district courts "look to the substantive law of the state in which the district court sits (citation omitted), including choice of law rules, (citation omitted)." *Wachovia Securities, LLC v. Banco Panamericano*, 674 F.3d 743, 751 (7th Cir. 2012). In the Wachovia Securities case, the United States Court of Appeals for the Seventh Circuit held that "Illinois applies the law of the state of incorporation for veil piercing claims." *Id.* Notably, the *Stromberg* decision cited in the Choice of Law Order involved a lawsuit filed in the U.S. District Court for the Northern District of Illinois and, citing to an Illinois state court decision, similarly concluded that the law of the state of incorporation applies to a veil piercing claim.

In *Secon Service System, Inc. v. St. Joseph Bank and Trust Co.*, 855 F.2d 406 (7th Cir. 1988), the Seventh Circuit Court of Appeals issued a ruling in a veil piercing claim filed in the U.S. District Court for the Northern District of Indiana. In that case, the Seventh Circuit also held that in diversity cases, "the district court must apply the choice of law rules of the jurisdiction in which it sits, in this case, Indiana." *Id.* at 412. The Court then held that it did not find, and none of the parties cited, any Indiana decisions addressing choice of law in veil piecing cases. *Id.* The *Secon* court then examined the issue under the most intimate contacts test approach, in which the Court considers the following factors: "the places of contracting, negotiating, and performance; the location of the contract's subject matter; and the locations of

the parties. Those factors pointed toward application of Indiana law in that case, and the Court of Appeals further held that when no state decisions are directly on point, the Court of Appeals can proceed from general principles if they are nearly universal – which they are on veil piercing claims. *Id.* at 413 ("in the vast majority of situations, the law of the state of incorporation governs attempts to disregard the corporate entity"). *Id.*

The undersigned counsel has not been able to locate any more recent Indiana state court cases determining choice of law in a veil piercing case. As a result, it would appear that the majority rule is properly applied in this instance, and that Ohio law would govern the veil piercing analysis. Petland also recognizes the Seventh Circuit's refusal to allow the parties' contractual terms to control the choice of law on the veil piecing claim. *See Secon*, 855 F.2d at 412.

B. **Application of Ohio Law**

It is well settled that Ohio courts are reluctant to disregard the corporate entity and that doing so is a "rare exception to be applied only in cases of fraud or certain other exceptional circumstances." *Dombrowski v. Wellpoint, Inc.,* 895 N.E.2d 538, 542 (Oh. 2008). Indeed, "the principle that shareholders, officers and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law." *Id.* When determining whether to disregard the corporate entity and pierce the corporate veil, Ohio Courts apply the test in *Belvedere Condo. v. R.E. Roark,* 617 N.E.2d 1075 (Oh. 1993), which requires a showing that (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as **to commit fraud or an illegal act** against the person seeking to

disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Id.* at 289 (emphasis added).

In *Dombroski,* the Ohio Supreme Court squarely addressed the question as to what conduct must be demonstrated to fulfill the second prong of *Belvedere* for piercing the corporate veil and held that "the plaintiff must demonstrate that the ***defendant shareholder exercised control over the corporation in such a manner as to <u>commit fraud, an illegal act, or a similarly unlawful act</u>***." *Id.* at 545. (emphasis added). In support of its decision to limit piercing to cases in which the shareholders used their complete control over the corporate form to commit specific egregious acts, the *Dombroski* Court explained:

> Were we to allow piercing every time a corporation under the complete control of a shareholder committed an unjust or inequitable act, virtually every close corporation could be pierced when sued, as nearly every lawsuit sets forth a form of unjust or inequitable action and close corporations are by definition controlled by an individual or small group of shareholders.

*Id.* at 544-545. Accordingly, under the present standard, veil piercing in Ohio is still "the 'rare exception' that should only be 'applied in the case of fraud or certain other exceptional circumstances.'" *Id.* at 544 (quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003)).

The Complaint filed in this case is insufficient to state a claim under Ohio law to pierce the veil and hold Petland responsible for the alleged breach of the lease at issue by Petland Leaseholding Company, Inc. ("PLC"). Recall, the Complaint does nothing more than make conclusory and boilerplate allegations simply mirroring some of the factors considered under Indiana law. That is insufficient regardless of which state's law applies. With respect to the first element established by *Belvedere*, there are *no facts* alleged in the Complaint to suggest that Petland so completely controlled PLC that it had no separate mind, will, or existence of its own. Although the Complaint contends that PLC lacked assets, did not file tax returns, was not

4

capitalized, and that Petland was aware of that, Petland's knowledge of the purported financial condition or operations of PLC would not establish a determination that Petland exercised the complete control over PLC required to pierce the corporate veil.

Regarding the second *Belvedere* requirement, in order to pierce the corporate veil the ***control*** must be exercised in such a manner as to commit fraud or an illegal/unlawful act against Chapel Ridge. *See Dombrowski,* 895 N.E.2d at 545. The plaintiff's allegation in this case, however, was geared to a different Indiana law standard. Accordingly, the plaintiff alleges in conclusory fashion that "The corporate form of Defendant PLC was so ignored, controlled and manipulated that it was merely the instrumentality of Defendant PET, and that the misuse of the corporate form constitutes fraud and promotes injustice . . . ." (*See* Comp. at ¶21.) None of the acts listed in the paragraph 21 subparagraphs of the Complaint are unlawful.[1] There is no allegation that any alleged control by Petland was exercised to commit an illegal or unlawful act. What is left is the plaintiff's conclusory allegation of fraud. The allegations in the Complaint in support of the claim to pierce the corporate veil merely contend that PLC was not capitalized, did not own assets, and did not file tax returns. Even if true, such allegations are insufficient to establish Petland's control over PLC, and whether ***such control*** was exercised in a manner as to commit fraud against Chapel Ridge. The only allegations involving Petland are that Petland was aware of PLC's alleged insolvency and inability to meet its obligations under the lease, and that Petland tendered rent payments to Chapel Ridge. Those allegations actually establish that Petland intended for Chapel Ridge to be paid so long as the tenant's business was profitable, and undermine the conclusory allegation of fraud.

---

[1] To the extent that the allegation in paragraph 21.1 of the Complaint could even arguably be considered to be some type of fraud going into the transaction, it is entirely eviscerated by paragraph 21.2 which explains that Petland, Inc. made the lease payments required under the lease.

5

The Ohio law requires that the misuse of the corporate form be in furtherance of fraud or another unlawful act. Indiana law is similar, but a little less stringent in allowing a party to pierce the corporate veil based upon misuse of the corporate form in furtherance of fraud or injustice. Ohio's requirement that the conduct be unlawful – rather than simply unjust – heightens the pleading requirement here beyond what is set forth in the plaintiff's Complaint. In addition, and as shown below, the lack of the required factual specificity in pleading fraud is fatal to the plaintiff's pleading in this case.

**C.    Chapel Ridge Has Failed To Plead Allegations Of Fraud With The Required Level Of Specificity**

Petland has previously briefed the issue of Chapel Ridge's failure to comply with Federal Rule of Civil Procedure 9(b), which requires the pleading of the allegations of fraud with particularity. That failure remains whether Indiana or Ohio law applies. In that regard, it is well settled that district courts exercising diversity jurisdiction must apply state substantive law and ***federal procedural law***. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Here, Federal Rule of Civil Procedure 9(b) requires the allegations of fraud to be stated with particularity. The decision of *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) confirms that the heightened federal pleading standard also applies to veil piercing claims based upon allegations of fraud. As shown above, Ohio law requires that the misuse of the corporate form be in furtherance of fraud or another unlawful act. In this case, the plaintiff pled in conclusory fashion in paragraph 21 that Petland's "misuse of the corporate form constitutes fraud and promotes injustice." Under Ohio law the promotion of injustice – even if it actually occurred, which the defendants deny – would not be sufficient to establish a basis for piercing

the corporate veil. Accordingly, only the plaintiff's conclusory fraud allegation is left. However, the Complaint fails to plead the allegations of fraud with the required particularity. This Court explained in *Dean v. Kruse*, 897 F. Supp.2d 769 (N.D.Ind. 2012): "'Particularity,' for Rule 9(b) purposes, means that a plaintiff must ordinarily 'describe the 'who, what, when, where, and how' of the fraud . . . .'" *Id.* at 779 (quoting *Pirelli v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Further, and as this Court noted in *Dean v. Kruse*: "Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed." *Id.* at 778. In the instant case, however, no fraudulent statements at all are identified, let alone the "who, what and where" particulars with respect to such statements. Moreover, as this Court has recognized, "[t]he circumstances of fraud include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* at 779. Petland respectfully submits that the same conclusion that was reached in the *Dean v. Kruse* case applies here, which is that "Defendants cannot be expected to properly defend themselves when only vague accusations of fraudulent activity are alleged by Plaintiffs, which renders the claim deficient under Rule 9(b)." *Id.* at 780. This is more than a hollow pleading exercise. Neither Petland nor PLC made any misrepresentations or engaged in any fraudulent behavior toward the plaintiff. Accordingly, if the plaintiff is going to assert that fraud occurred, it will need to provide the particulars required by the law.

### III. CONCLUSION

For the above and foregoing reasons, and for the reasons previously argued to the Court, the Complaint against Petland fails to state a claim upon which relief may be granted. Since the

7

only claim asserted against Petland is the alter ego/veil piercing claim, Petland submits that all claims against it in this lawsuit should be dismissed.

Respectfully submitted,

FEDEROFF KUCHMAY LLP


*/s/ Jason M. Kuchmay*
Jason M. Kuchmay, 20974-02
jmk@federoff-law.com
10445 Illinois Road
Fort Wayne, IN 46814
Phone: 260-207-2100
Fax: 260-207-2101

Of Counsel:

Robert G. Cohen (0041707)
Kegler, Brown, Hill & Ritter Co., L.P.A.
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Telephone: 614-462-5400
Telecopier: 614-464-2634
Email: rcohen@keglerbrown.com

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following individuals:

Eric E. Snouffer, Esq.

*/s/ Jason M. Kuchmay*
Jason M. Kuchmay