UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE

| | | |
|---|---|---|
| CHAPEL RIDGE INVESTMENTS, LLC | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:13CV146 |
| | ) | |
| PETLAND LEASEHOLDING | ) | |
| COMPANY, INC., et al. | ) | |
|     Defendants. | ) | |

PLAINTIFF, CHAPEL RIDGE INVESTMENTS, LLC'S
ADDITIONAL BRIEFING IN RESPONSE TO
DEFENDANT, PETLAND, INC.'S
MOTION TO DISMISS

The Plaintiff, Chapel Ridge Investments, LLC ("Chapel Ridge") files, pursuant to this Court's Order dated July 12, 2013, additional briefing on the issues of: 1) Whether Ohio law applies to this action instead of Indiana law; and 2) If Ohio law does apply, whether and to what extent that changes the arguments already made in the briefing. Chapel Ridge respectfully suggests to the Court that Indiana law applies to this action, in the area of veil-piercing, and, even if Ohio law was to apply, its previous arguments still apply (i.e. fraud is not a necessary element requiring specific pleading for veil-piercing under Ohio law).

In diversity cases, this Court is to look to the substantive law of the state in which it sits. *Wachovia Securities, LLC v. Banco Panamerico, Inc.*, 674 F.3d 743 (7th Cir. 2012) citing *Erie R. Co., v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L.Ed 1188 (1938). This analysis applies even in choice of law rules. *Wachovia Securities, Supra; citing Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496-97, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, the relevant question before this Court is what choice of law rule does Indiana apply to veil-piercing clams. Chapel Ridge

respectfully suggests that the determination of this issue is not as simple as found in *Stromberg Metal Works v. Press Mechanical*, 77 F.3d 928 (7th Cir. 1996) as the *Stromberg* Court was applying Illinois law, not Indiana law.

Unlike Illinois, counsel has been unable to find any Indiana State Court case identifying the choice of law when a plaintiff seeks to pierce the corporate veil. There are however, two Federal Appellate Court decisions addressing the issue. First, in *Secon Service System, Inc., v. St. Joseph Bank and Trust Co.,* 855 F.2d 406 (7th Cir. 1998) the Court stated, after finding no Indiana decisions discussing choice of law for veil-piercing cases, that in the vast majority of situations, the law of the state of incorporation governs and "[w]here no state decisions are directly on point, the Court of Appeals can proceed from general principles if those principles are nearly universal, as here." (internal citations omitted). *Id*. at 413.

The second case dealing with Indiana's choice of law for veil-piercing is *Whitely v. Moravec*, 635 F.3d 308 (7th Cir. 2011). In *Whitely*, the Court relying upon Indiana's internal affairs doctrine, stated "[b]ut Waste Reduction was incorporated in New York, and the internal affairs doctrine designates a firm's state of incorporation as the source of rules about whether investors are liable for its debts." *citing Restatement (Second) of Conflict of Laws* §307 and Indiana Code 23-1-49-5. *Id*. at 310. Chapel ridge readily admits that under both *Secon Services* and *Whitely*, Indiana would normally look to the laws of the state of incorporation in determining whether to pierce the corporate veil. However, in the present action, Indiana's internal affairs doctrine might suggest otherwise. I.C. 23-1-49-5(c) states "[t]his article does not authorize Indiana to regulate the organization or internal affairs of a foreign corporation authorized to transact business in Indiana." The problem is that it is alleged that Petland, Inc. ("Petland") and

Petland Leaseholding Company, Inc. ("PLC") are not authorized to do business in the state of Indiana. Therefore, Chapel ridge would suggest that Petland does not get the benefits of the internal affairs doctrine and is subject to Indiana's veil piercing laws.

Even if this Court determines that Ohio law will control the issue of veil-piercing, Petland's argument that fraud is a required element and must be specifically plead still fails. Under Ohio law, the corporate form may be disregarded and one corporation held liable for the misdeeds of another when the following conditions are met:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condo. Unit Owners Ass'n v. R.E. Roark Cos.*, 617 N.E.2d 1075, 1086 (Ohio 1993), *as modified by Dombrowski v. WellPoint, Inc.,* 895 N.E.2d 538, 540 (Ohio 2008). When determining whether the first prong of the Belvedere test has been satisfied, Ohio courts consider several factors, such as: (a) grossly inadequate capitalization; (b) failure to observe corporate formalities; (c) insolvency of the debtor corporation at the time the debt was incurred; (d) the parent holding itself out as personally liable for certain subsidiary obligations; (e) diversion of funds or other property of the subsidiary for the parent's use; (f) the absence of corporate records; and (g) the fact that the subsidiary was a mere facade for the operations of the parent. *Corrigan,* 478 F.3d at 724 (citing *LeRoux's Billyle Supper Club v. Ma*, 602 N.E.2d 685, 689 (Ohio Ct. App. 1991)). The Sixth Circuit has noted, however, that "none of these factors is a prerequisite to a finding that the corporate form has been violated." *Laborers' Pension Trust Fund v. Sidney*

*Weinberger Homes, Inc.,* 872 F.2d 702, 705 (6th Cir. 1988); *see also Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir. 2005) ("[B]ecause of the equitable nature of the veil-piercing doctrine, no list of factors can be exclusive or exhaustive" (internal citation omitted)).

In the present action, Chapel Ridge has alleged, among other factors; (1) grossly inadequate capitalization, both at inception and lease execution, (2) insolvency at lease execution, (3) absence of corporate records, (4) failure to follow corporate formalities, and (5) Petland paying obligations of PLC. Petland cannot argue that the first prong of the *Belvedere* test has not been sufficiently pled.

The crux of Petland's argument lies in the second prong of the test. Petland maintains that fraud must be alleged to pierce the corporate veil. However, *Dombrowski* states otherwise. The Ohio Court of Appeals in *Flagstar Bank, FSB v. Seller,* 12th Dist. No. CA2009-11-287, 2010-Ohio-3951 stated that the *Dombrowski* case expanded upon the second prong by adding the language "or a similarly unlawful act" to the previous language "fraud or illegal act." The Court in *Flagstar Bank* noted that fraud was not required, because the second prong allowed for the alternative of "an illegal act, or similarly unlawful act." Therefore, Ohio does not require fraud to pierce the corporate veil. In the present action, Chapel Ridge has alleged that Petland created a scheme to avoid liability by creating PLC and intentionally not capitalizing the company. Further, Petland occupied the premises itself and paid some of the lease obligations directly to Chapel Ridge, ignoring the corporate entity of PLC. Also, it can be inferred from the complaint that Petland misrepresented to Chapel Ridge the identity of the corporate parent by executing the corporate guarantee in PLC's name rather than its own name. Chapel Ridge has, together with this filing, moved the Court for leave to file an amended complaint to further set forth the fact that's its

count for piercing the corporate veil is based on Petland's misrepresentation of the identity of the corporate parent. Chapel Ridge has satisfied the second prong of the *Belvedere* test as modified by *Dombrowski*.

Finally, Chapel Ridge has also sufficiently pled the third prong of the *Belvedere* test, injury resulting from the control and wrong. Chapel Ridge required that the corporate parent execute the lease agreement. Because of Petland's control of the formation of PLC and PLC executing the corporate guarantee as the parent corporation, Chapel Ridge will not be fully compensated for use and enjoyment of its premises. Chapel Ridge has clearly pled a sufficient injury.

As demonstrated above, even though Ohio law is somewhat more restrictive than Indiana law when it comes to veil piercing, if Ohio law is applied to this case, proof of fraud is still not required to be plead.

WHEREFORE, the Plaintiff, Chapel Ridge Investments, LLC respectfully requests that this Court deny Petland, Inc.'s Motion to Dismiss and for all other just and proper relief in the premises.

Respectfully submitted,

SNOUFFER & SNOUFFER

 /s/ *Eric E. Snouffer*
ERIC E. SNOUFFER, I.D. #14660-02
esnouffer@snoufferlaw.com
110 WEST BERRY STREET, SUITE 1809
FORT WAYNE, INDIANA 46802
TELEPHONE: 260/422-7700
FAX: 260/424-4145

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013 I electronically filed the foregoing Plaintiff's Additional Briefing with the Clerk of this Court using the CM/EFC system which sent notification of such filing to the following individuals:

Jason M. Kuchmay, Esq.

                                                    /s/ *Eric E. Snouffer*
                                                    ERIC E. SNOUFFER