UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHAPEL RIDGE INVESTMENTS, | ) |
| LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:13-cv-146 |
| | ) |
| PETLAND LEASEHOLDING | ) |
| COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

On March 6, 2015, this Court granted a motion to compel discovery responses and submit to a Rule 30(b)(6) deposition filed by Defendants Petland Leaseholding Company, Inc., and Petland, Inc. (together, "Petland"), from Plaintiff Chapel Ridge Investments, LLC, but took Petland's request for attorney's fees under advisement. (Docket # 45, 50.) The Court afforded Petland through March 13, 2015, to file an affidavit concerning the fees sought, and Chapel Ridge through March 20, 2015, to respond to Petland's request for fees.

Petland timely filed the affidavit (Docket # 51); Chapel Ridge has not objected to the fees requested (Docket # 52), and the time to do so has now passed. Accordingly, Petland's motion for fees will be GRANTED in the amount of $2,535.

### *A. Legal Standard*

Federal Rule of Civil Procedure 37(a)(5) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

> (A) If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

> the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). This Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

Nonetheless, Rule 37(a)(5) mandates that only "reasonable expenses" be awarded. "Accordingly, the only fees this Court will grant will be those that (a) the movant demonstrably incurred; (b) are reasonable; and (c) are in fact the product of [the non-movant's] failure [to comply with discovery requests and rules]." *Maxwell v. South Bend Work Release*, No. 3:09-CV-008, 2010 WL 4318800, at *4 (N.D. Ind. Oct. 25, 2010).

### B. Analysis

Chapel Ridge was afforded an opportunity to be heard on Petland's request for fees and expenses, yet it has remained silent, suggesting that it has no objection. Moreover, Chapel Ridge has not offered argument that its nondisclosure of discovery responses was substantially justified.

Petland's affidavit reflects that the motion to compel required 10.60 hours of attorney time,

2

billed at $240 per hour.  After reviewing the itemization of the fee entries set forth in the affidavit, the Court is satisfied that the amount requested in obtaining the order on the motion to compel is reasonable, both as to the hours expended and the hourly rate. *See, e.g., People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (applying the lodestar approach); *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983).  Consequently, the resulting lodestar yields a reasonable fee award of $2,535.

Accordingly, Petland's request for attorney fees will be GRANTED.

### C.  Conclusion

For the reasons stated herein, Petland's motion for attorney's fees (Docket # 45) in the amount of $2,535 is GRANTED.

SO ORDERED.

Enter for this 25th day of March 2015.

/s Susan Collins
Susan Collins
United States Magistrate Judge